## LONG v. SPRIGGS.

No. 21332. Opinion Filed Nov. 22, 1932.

E. B. Hunt, for plaintiff in error.

S. A. Hipps, for defendant in error.

RILEY, J. This is an action commenced by defendant in error, hereinafter referred to as plaintiff, against plaintiff in error, herein referred to as defendant, to recover upon a negotiable promissory note in the sum of $770, interest and attorney's fee, and to foreclose a chattel mortgage given to secure same.

The note and mortgage appear to have been given to the Bell Motor Company of Joplin, Mo., and plaintiff alleges that said note was duly assigned to him for value and before maturity. The note and mortgage appear to have been executed in Joplin, Mo. The chattel mortgage does not appear to have been executed in the presence of witnesses, but purports to have been acknowledged by ——— before W. J. Bell, Notary Public. But there is no official seal attached thereto.

Defendant answered by general denial of all the allegations of the petition except those admitted, and admits the execution of the note sued upon. He then pleaded payment of all the note except $20, to the Bell Motor Company before plaintiff became the owner of the note, alleging in substance that he had paid to the Bell Motor Company the sum of $750, on said note by the sale and delivery of a certain Pontiac automobile at an agreed price of $750. He further pleaded that plaintiff had notice that defendant did not owe but $20 on said note. He admitted owing the $20, and tendered same into court.

Plaintiff replied by alleging that at the time he purchased the note he had no notice of any payment, and that in fact there was none.

On the day the cause was set for trial defendant filed a duly verified motion for a continuance, based upon the absence of a material witness, and therein stated that said witness, if present, would testify that in a conversation between the plaintiff and said witness shortly before the date of the trial plaintiff had stated to said witness:

"Before I bought the Mack Long note from the Bell Motor Company I knew about the trade Long had made with the Bell Motor Company and knew that that fellow was just working Long. That Bell is in the penitentiary on account of the way he handled these deals, but I bought the note at a bargain and think I can make Long pay it."

The attorney for the plaintiff pointed out to the court that the affidavit for continuance was deficient in certain particulars, especially that it failed to state where the witness resided and the probability of defendant being able to procure his attendance at a later date, and that no diligence whatever was shown to obtain the attendance of the witness. He strenuously resisted the continuance and asked the court that in case a continuance was granted, it be on certain terms and conditions, and that the conditions be that the property covered by the mortgage being an automobile and in the possession of defendant and being used

and worn out by him, it be ordered placed in the hands of a receiver, or in lieu thereof the defendant be required to give a bond in the sum of $800, to abide the judgment of the court.

The court made an order continuing the cause upon the terms suggested by counsel for plaintiff. The defendant declined the continance on the terms imposed and the cause proceeded to trial.

At the close of all the evidence plaintiff moved for a directed verdict. The motion was sustained and a verdict was returned for plaintiff under the direction of the court and judgment was rendered accordingly. After unsuccessful motion for new trial defendant appeals.

It is first contended that the court erred in overruling the motion for a continuance. In this there was no error. The affidavit for continuance was fatally defective in that no diligence whatever was shown to obtain the attendance of the absent witness.

It is next contended that the court erred in directing a verdict for plaintiff and in entering judgment for plaintiff. As before stated defendant in his answer admitted the execution of the note sued upon, and pleaded payment of all the amount thereof except $20, which sum he tendered into court. At the trial he abandoned this defense and amended his answer and alleged that the note he executed was for only $20, which was for a balance due on a car trade wherein he received an Erskine car in return for a Pontiac and executed a note for $20, representing the difference in value.

He admitted, however, that he executed the mortgage wherein he mortgaged both the Erskine and the Pontiac cars.

A careful examination of the record discloses that defendant wholly failed to prove that the note, the signature of which he admitted was his, had been altered after he executed it. The note carried the amount $770, in figures in the left corner, and in the body of the note the amount was written out, "Seven Hundred and Seventy Dollars." He was unable to, or at least did not, point out any appearance of alteration. He made no showing of payment and none of material alteration.

There was no error in directing a verdict for plaintiff.

Defendant filed a supersedeas bond with Noah Harrison and F. M. Hartley as sureties, said bond was approved by the court clerk and incorporated in the case-made and plaintiff moves for judgment on said bond.

The judgment is affirmed, and judgment is hereby entered in favor of defendant in error, plaintiff below, against said Noah Harrison and F. M. Hartley, sureties on the supersedeas bond, for the full amount of said judgment, interest, and costs.

LESTER, C. J., and HEFNER, CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur. CLARK, V. C. J., absent. KORNEGAY, J., disqualified.